NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2112
_____

UNITED STATES OF AMERICA

v.

ANDREA FORSYTHE,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-14-cr-00291-001)
District Judge:  Honorable Cathy Bissoon

Submitted Under Third Circuit L.A.R. 34.1(a)
January 26, 2023

BEFORE:  BIBAS, NYGAARD, and FUENTES, *Circuit Judges*

(Filed: March 21, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

NYGAARD, *Circuit Judge.*

Appellant Andrea Forsythe appeals her criminal sentence. We will affirm.

I.

Forsythe and two comrades were caught using the mail to smuggle buprenorphine (Suboxone), a Schedule III controlled substance, into a federal prison. She was indicted on two counts: possession with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i) (Count 1), and conspiracy to commit that offense, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(E)(i) (Count 2). At the time, she was on supervised release from her previous federal convictions for malicious destruction of property by fire, 18 U.S.C. § 844(i), and wire fraud, 18 U.S.C. § 1343, for a scheme to burn down her home and claim insurance proceeds. These new offenses violated the standard condition of her supervised release that she abstain from committing another federal crime. 18 U.S.C. § 3583(d). She admitted to the conduct of a controlled substance violation in Count 1 and pleaded guilty to conspiracy in Count 2. The Government then dismissed Count 1.

The District Court held a combined sentencing hearing for both the new criminal charge and the supervised release violation. For Count 2, the Court sentenced her to 9 months' imprisonment. It then examined her supervised release violation. In revocation proceedings, a district court considers the grade of violation—A, B, or C. *See* U.S.S.G. §§ 7B1.1–1.4. That influences the United States Sentencing Guidelines' recommended

2

sentencing range: a Grade B violation produces a sentence of 8 to 14 months, while a Grade A violation produces one of 18 to 24 months.[1]

Forsythe argued that her new conviction should constitute a Grade B violation, but the District Court held she had committed a Grade A violation. That, with a criminal history category of III, yielded an advisory guideline sentencing range of 18 to 24 months' imprisonment. The court varied downward, imposing 9 months' imprisonment on the supervised release revocation, consecutive to her new conviction's sentence, for 18 months' imprisonment in total.

## II.

Forsythe timely appealed the sentence for her supervised release violation only.[2] In scrutinizing a sentence imposed, "we review a district court's legal conclusions regarding the Guidelines de novo, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error." *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009) (internal citations omitted). *See also United States v. Tomko*, 562 F.3d 558, 564 (3d Cir. 2009) (en banc) (reviewing for procedural reasonableness).

Forsythe's appeal misunderstands revocation of supervised release. Her sole argument is that her sentence was procedurally unreasonable because the District Court improperly calculated her advisory Guidelines' range. She argues that she should not

---

[1] All references to the United States Sentencing Commission Guidelines Manual are to the version effective November 1, 2018, the version in effect for Forsythe's sentencing hearing. *See* U.S.S.G. § 1B1.11(a).

[2] The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

have received a Grade A violation because her conviction for conspiracy does not count as a controlled substance offense. She says that because the Guidelines' chapter covering revocation does not define the term, we must look to its commentary, which defines the term by cross-reference to another chapter. *Compare* U.S.S.G. § 7B1.1(a)(1)(A)(ii) *with* § 7B1.1 cmt. n.3; § 4B1.2. We have held that the term controlled substance offense in that chapter does not include inchoate offenses such as conspiracy. *United States v. Nasir*, 17 F.4th 459, 472 (3d Cir. 2021) (en banc). Thus, she argues her conspiracy conviction could not support a Grade A violation; instead, she should have received a Grade B violation, an error that would warrant resentencing. But "[i]n the revocation context,…district courts may consider a defendant's actual conduct in determining whether they have broken the law and thus the terms of their supervised release." *United States v. Carter* 730 F.3d 187, 192 (3d Cir. 2013). That means her conviction is not determinative.

Considering Forsythe's admitted conduct, we agree that the District Court properly found that she had committed a Grade A violation. A Grade A violation is triggered by "conduct constituting…a federal, state, or local offense punishable by a term of imprisonment exceeding one year that…is a controlled substance offense." U.S.S.G. § 7 B1.1(a)(1)(A)(ii). Evidence before the District Court supports that she committed the federal controlled substance offense of possession with intent to distribute and distribution, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i), including information adduced at the sentencing hearing, her sentencing memorandum, the presentence report, its

addendum, and other submissions by the United States Probation Office.[3] Therefore, a preponderance of the evidence supports that she violated the condition of her supervised release that she refrain from breaking federal law. *See* 18 U.S.C. § 3583(e)(3); *Carter*, 730 F.3d at 190.

* * *

We will affirm the decision of the District Court.

---

[3] The Government's unopposed motion to file a supplemental appendix under seal and to supplement the record is granted. *See* 3d Cir. L.A.R. 30.3(b) & (c); 3d Cir. L.A.R. Misc. 106.1(c)(1).